UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY SPROCKETT,

      Plaintiff,

vs.                                                        CASE NO. 8:10-CV-1418-T-24TGW

ADVANCE/NEWHOUSE PARTNERSHIP,

      Defendant.
_____/

## <u>ORDER</u>

This cause comes before the court on Plaintiff Terry Sprockett's Motion for Remand

(Dkt. 7), and Defendant Advance/Newhouse Partnership's ("ANP") response in opposition to

that motion. (Dkt. 12.)

**I.      Procedural History**

On or about December 16, 2009, Plaintiff Terry Sprockett instituted this action by filing a

complaint against Bright House Networks LLC in the Circuit Court of the Sixth Judicial Circuit

in and for Pinellas County, Florida.  The initial complaint subsequently was amended to

substitute Defendant ANP for Bright House Networks as the correct defendant because ANP is

the entity that employed Sprockett.

In the amended complaint, Sprockett alleged that ANP discriminated against him by

terminating his employment because of his disability, in violation of the Florida Civil Rights Act

("FCRA").  He further alleged that ANP terminated his employment in retaliation for his

objection to, and challenge of, the disability discrimination, also in violation of the FCRA.

Sprockett alleged that he was terminated on or about March 5, 2009.  In the amended complaint,

Sprockett seeks an unspecified amount of compensatory and punitive damages, including lost

wages, attorneys' fees, and costs.

On February 12, 2010, ANP removed the case, for the first time, based on diversity jurisdiction.  *See Sprockett v. Advance/Newhouse Partnership*, 8:10-cv-428-T-24 TGW.  To establish the amount in controversy, ANP relied on a declaration by Pamela Hagan, Vice President for Human Resources for ANP.  In that declaration, she stated:

> At the time of his discharge, Sprockett was a "Senior Human Resources Manager" and was being paid base compensation of $60,000 per year and was eligible for a 10% Management Bonus.  Sprockett was paid $57,334.79 salary, etc. for 2008 and $17,796.38 for the approximately 9 weeks of calendar year 2009 in which he worked for A/NP.  The value of Sprockett's A/NP fringe benefits (that is, group medical/dental coverage, life and disability insurance, vacation, 401k, etc.) was in the range of $17,000/year.  Thus, the value of two years' of Sprockett's wages and benefits would easily exceed the sum of $125,000.

Decl. Hagan, ¶ 4.  ANP removed the case on the grounds that "Sprockett's annual wages and benefits losses for the two years from the time of his separation of employment until the likely time of trial, coupled with his claims for compensatory damages and fees, are the kind which can reasonably be anticipated to exceed $75,000."

On March 1, 2010, Sprockett filed a motion to remand.  To defeat jurisdiction, Sprockett submitted his own affidavit, dated March 1, 2010, in which he stated that his total damages, from the date of his termination on March 5, 2009, until the date of removal on February 12, 2010, amounted to $67,872.92.  Sprockett calculated his damages as follows:

| | |
|---|---|
| Lost wages–March 5, 2009 to February 12, 2010–49 weeks @ 1,154 per week | $56,546.00 |
| Health Benefits - March 5, 2009 through January 2010 - 11 months @ 929.72 | 10,226.92 |

| | |
|---|---|
| Comp benefits (Internet cable) -<br>11 months @ $100 per month | 1,100.00 |
| TOTAL DAMAGES | $67,872.92 |

The Court never ruled on that motion, however, because on March 17, 2010, the parties filed a stipulation to remand the case.  On March 18, 2010, the Court remanded the case.

Approximately three months later, on June 22, 2010, ANP removed the case again by filing a second Notice of Removal.[1]  Again, ANP relies on diversity of citizenship as a basis for the Court's jurisdiction.  This time, ANP claims that Sprockett's interrogatory answers, which ANP received on May 24, 2010, and which are attached to the notice of removal, establish the requisite amount in controversy.

The parties do not dispute that they are citizens of different states for purposes of diversity jurisdiction.

## II.    Discussion

On June 29, 2010, Sprockett filed the instant motion to remand.  He argues that ANP's calculation of his damages is purely speculative and fails to take into account any mitigation or offset of his losses.  The Court, however need not address this issue because ANP's second notice of removal is untimely, and therefore, the case must be remanded.[2]

---

[1]The case was assigned to the Honorable James S. Moody, Jr., who transferred the case to the undersigned pursuant to Local Rule 1.04(a).

[2]The Court may not *sua sponte* remand a case for a procedural defect; however, once a motion to remand is filed, the Court may consider procedural defects in the removal.  *Velchez v. Carnival Corp,* 331 F.3d 1207 (11th Cir. 2003); *Eparvier v. Fortis Ins. Co.*, 312 Fed. Appx. 185, 188-89 (11th Cir. 2008). The Court need not be concerned that it is preventing Sprockett from acquiescing to federal jurisdiction because he has twice filed a motion to remand and obviously does not wish to be in federal court.

In its second notice of removal, ANP relies on Sprockett's answers to its interrogatories as the basis for removal.  Specifically, ANP points to interrogatory 13, which asks Sprockett to provide an explanation of the damages he is seeking.  Sprockett's answer to that question is simply, "See Response to Request to Produce No. 12."  Sprockett's response to ANP's request for production number 12, which is also attached to the removal notice, is his March 1, 2010 affidavit, in which he identified his losses as $1,154.00 in lost wages per week, plus $1,092.72 per month in lost benefits.  Thus, Sprockett's March 1, 2010 affidavit is the basis for ANP's assertion that the amount in controversy exceeds $75,000.

The problem here is that ANP received that affidavit on March 1, 2010–and therefore "first ascertained" that the case was removable–more than 30 days before filing the second notice of removal.  The removal is therefore untimely.  *See* 28 U.S.C. § 1446(b) (permitting the defendant to file a notice of removal within 30 days of receiving an "other paper from which it may first be ascertained that the case" is removable).  ANP may not avoid the thirty-day window by purporting to base its removal on a paper (which it received *within* 30 days of removal) that references a prior paper, that references yet another prior paper, that purportedly establishes the amount in controversy.

Furthermore, the Court notes that Sprockett's March 1, 2010 affidavit, which prompted ANP to stipulate to remand in March 2010, is the same document that ANP is now relying on to establish the proper basis for removal.  Apparently, it is ANP's position that now that four months have passed from the initial removal (when the back pay amounted to only $67,872.92) until the second removal in June 2010 (when the back pay amounted to $93,000.00), Sprockett has accrued four more months of back pay, and ANP now is attempting to use that additional

back pay to reach the jurisdictional threshold.[3]

The Court refuses to approve this method of establishing the requisite amount in controversy.  ANP does not dispute the rate at which Sprockett is accruing back pay--$1,154.00 in lost wages per week, plus $1,092.72 per month in lost benefits.  The only thing that has changed between the first removal and the second removal is the passage of time.  If the Court were to permit ANP to remain in federal court, then any employer-defendant could simply wait until the employee-plaintiff's back pay accrued to the point where it exceeded $75,000, obtain an admission from the plaintiff saying so, and then remove the case within 30 days of receipt of that admission, regardless of how long the case had been pending in state court.[4]  As the Eleventh Circuit noted, removal is permitted and required "as soon as the action assumes the shape of a removable case. . . . Otherwise, a defendant could wait and see how it fared in the state court proceedings before deciding whether to remove."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010) (citations and quotations omitted).

## IV.   Conclusion

The Court cannot permit ANP to return to federal court several months later–with the same document it has had knowledge of since March 1, 2010–simply because Sprockett's back

---

[3]Additionally, the Court finds that ANP's removal was an improper successive removal, as it was based on the same facts known to ANP at the time of the first removal.  *See Deutsche Bank Nat'l Trust v. Jenkins*, No. 08-cv-22709, 2008 U.S. Dist. LEXIS 95843, at *2-4 (S.D. Fla. Nov. 17, 2008).

[4]Of course, a case removed on the basis of "an amended pleading, motion, order or other paper" may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action."  28 U.S.C. § 1446(b).  This case represents the flip side of the plaintiff's "artful pleading trick" that the Eleventh Circuit warned against in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766-67 (11th Cir. 2010).

pay has accrued to the point where it exceeds $75,000.  The Court therefore finds that the removal is untimely, and as such, the case must be remanded.  Accordingly, Sprockett's second Motion for Remand must be **GRANTED**.  The Clerk of the Court is directed to **REMAND** this action to state court and to close this case.

      **DONE AND ORDERED** at Tampa, Florida this 26th day of July, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record